Carmichael, ex'x, vs. Strawn et al.

---

ELIZA ISABELLA CARMICHAEL, executrix, plaintiff in error, vs. ADOLPHUS STRAWN, and others, defendants in error.

[1.] One entry of *no personal property*, on a Justice's Court *fi. fa.*, is sufficient to justify a constable in levying the *fi. fa.* on land.

[2.] The price at which, land was knocked off to a bidder, by the Sheriff, was fifty-two dollars.   The deed made by the Sheriff to the bidder, acknowledged the receipt of $50, and was silent as to the other two dollars.   But on the back of the *fi. fa.*, there were entries showing, that the whole $52, had been properly appropriated by the Sheriff.
*Held*, That the deed was admissible in evidence.

[3.] Seven years possession of the land purchased from the defendant in a *fi. fa.*, must follow the purchase, in order to exempt the land, from levy and sale under the *fi. fa.*   Registration of the deed made to the purchaser, will not do in place of this possession.

Ejectment, in Lee Superior Court. Tried before Judge ALLEN, at October Term, 1858.

This was an action of ejectment, by Robert D. Carmichael, against Adolphus Strawn, and others, for the recovery of lot of land number 94, in the second district of Lee county. Pending the suit Carmichael died, and his executrix was made a party plaintiff.

Upon the trial, plaintiff introduced a deed from William Berry to Robert L. Foster and James B. Nabers, for the lot in dispute, dated 7th October, 1844, and recorded 4th December, 1844. Then a deed from Foster to Nabers for same lot, dated 21st October, 1846, and recorded 13th February, 1850. Then a deed from Nabers to Robert D. Carmichael, dated 29th January, 1850, and recorded 13th February, 1850.

It was admitted that defendants were in possession at the commencement of the action, and had been in possession from the date of their purchase, the land being unoccupied before that time. Here plaintiff closed.

Defendants opened by introducing a deed from the Sheriff of Lee county to James T. Holman, dated 7th June, 1853, and recorded 16th March, 1854, to the premises in dispute, said land having been sold by the Sheriff of Lee county, under a Justice *fi. fa.* from Gwinnett county, against William Berry. *Fi. fa.* dated 28th December, 1840. Under this *fi. fa.*, the land in controversy was levied upon and sold as the property of William Berry, and bought by defendant for $52 00. Sale day in June, 1853. The *fi. fa.* had been assigned to Matthew Crawford, January 7th, 1853, and endorsed thereon were the following entries:

"No property to be found to levy this *fi. fa.* on, this 25th January, 1845.

(Signed)                    P. R. BERRY, *L. C.*"

Carmichael, ex'x, vs. Strawn et al.

"No property to be found to levy this *fi. fa.* on by me, this 26th December, 1851.

(Signed)        PRITTMAN BERRY, *L. C."*

" GEORGIA, LEE COUNTY.

To any lawful officer to execute and return, this 5th Feb. 1853.

(Signed)        .J. W. BRYAN, *J. P."*

" Levied the within execution on No. ninety-four, in the second district of Lee county, this 7th Feb., 1853.

(Signed)        THOMAS C. FELLYAU, *Const."*

" The within levy sold and brought $52, and after paying all costs, commissions and advertising fees, leaves a credit of $40 44 on said *fi. fa.*   June 3d, 1853.

G. B. MAYO, *Sh'ff."*

" Rec'd of G. B. Mayo, Sh'ff, Forty 44-100 Dollars, raised by the sale of the within levy, 7th June, 1853.

JAS. T. HOLMAN,
as agent of Matthew Crawford."

Plaintiff objected to the introduction of the deed from the Sheriff.

1st. Because it did not appear that there was an entry on the *fi. fa.* of no *personal* property, before it was levied upon the land, and that such entry should have been made by an officer of Lee county, before a levy could be made upon the land.

2d. Because said land sold for $52 00, and it is stated and recited in said deed, that only fifty dollars had been paid.

The Court overruled the objections and admitted the deed, and plaintiff excepted.

Defendant then introduced a deed from James T. Holman to defendants, dated 9th January, 1854, and recorded 5th May, 1854, for the land in dispute, and closed.

Plaintiff's counsel then asked the Court to charge the jury,

1st. That if they believed from the evidence that said lot of land sold for $52 00, and the purchaser paid only $50, that said deed to him was void.

2d. That if they believed that Carmichael purchased this land more than seven years previous to the Sheriff's sale, and no one was in possession during that time, and his deed was on record, that then said lot of land was not subject to said *fi. fa.*, and the sale thereof passed no title to the purchaser at Sheriff's sale.

The Court refused to give these charges, and plaintiff excepted.

Verdict for defendant, and plaintiff tenders his bill of exceptions, &c.

VASON & DAVIS, for plaintiff in error.

McCAY & HAWKINS, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

[1.] Neither of the two objections to the deed, was good, as we think. A similar objection to the first, was held by this Court, in *Hollingsworth vs. Dickey*, (24 *Ga.*) not to be good.

[2.] As to the second, the entries on the *fi. fa.*, show, that the whole $52 for which, the Sheriff sold the land, was properly accounted for by him, was paid by him, partly to costs and commissions, partly to the plaintiff in the *fi. fa.* The recital in the deed, that fifty dollars was paid for the land, is thus shown to have been, a mere mistake—the word, two, having been accidentally omitted, after the word, "fifty."

Besides, does an objection of this sort, lie in the mouth of the plaintiff, who was neither a party nor a privy, to the *fi. fa.*, for, although, she claimed under Berry, the defendant in the *fi. fa.*, yet she did so, by a deed of Berry's, made long before the Sheriff's sale.

Carmichael, ex'x, vs. Strawn et al.

An entry, of "no property," includes the entry of, no *personal* property.

The jury could, hardly, have believed, that the purchaser from the Sheriff, had paid only $50. There were the entries on the *fi. fa.*, to show, that he had paid the whole $52. If, then it were true, that the first request was one that was right in itself, yet as no new trial was moved for, this Court ought not to grant a new trial, on the refusal of that request.

The Court, we think, was right in refusing the second request.

[3.] It is true, that the plaintiff in the case, claimed under a purchase from Berry, the defendant in the *fi. fa.* aforesaid, which was an older *fi. fa.* than such purchase, and, that such purchase took place more than seven years before the levy and sale of the land by the Sheriff for the $52; but, it is also true, that at the time of this sale by the Sheriff, neither the purchaser, nor, indeed, any one else, had ever been in possession of the land. And the statute gives the exemption, only in cases in which the purchaser from the defendant in the *fi. fa.*, has been in "peaceable possession," for seven years before the levy. *Pr. Dig.* 252.

The regular registration of the deed of the purchaser, obtained from the defendant in the *fi. fa.*, is not equivalent to "peaceable possession" of the land by him. At least, the statute does not say so, and the statute is that which we have to go by.

Judgment affirmed.

McDonald, J. absent.